# Exhibit A

**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale - 071292014
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

| | | |
|---|---|---|
| ERICK ZIMMERMAN | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION –BURLINGTON CTY |
| Plaintiff | : | |
| | : | |
| v. | : | *Civil Action* |
| | : | |
| AMAZON.COM LLC d/b/a AMAZON; | : | COMPLAINT, JURY DEMAND, AND |
| JOHN/ JANE DOES 1-10, | : | CERTIFICATIONS |
| fictitious persons; ABC CORP. | : | |
| 1-10, fictitious entities | : | |
| | : | |
| Defendants | : | |

Plaintiff, Erick Zimmerman, by and through his attorneys Malamut & Associates, LLC, complaining of the defendants, deposes and says:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Erick Zimmerman is an adult individual who, at all times material hereto, resided in Camden County, the State of New Jersey. At all relevant times, he was employed by the Defendant.

2. Defendant Amazon.com LLC d/b/a Amazon ("Amazon") was at all relevant times Plaintiff's employer.

3. Defendants, John/Jane Does 1-10 and ABC Corp., 1-10, were fictitious individuals and business entities, whose identities are unknown, that owned, operated, leased, managed, maintained, controlled, possessed, or are otherwise responsible for the actions of Defendant.

1

4. Venue for this action properly lies in Burlington County because it is the county where the events underlying this action took place.

## FIRST COUNT

5. Plaintiff repeats and realleges each allegation of the previous sections/counts as if fully set forth herein at length.

6. Plaintiff worked for Defendant in its warehouse.

7. At all relevant times, Plaintiff performed his job well.

8. During the course and scope of his employment, Plaintiff was injured.

9. Plaintiff injured his right hand.

10. Plaintiff's hand injury interfered with one or more major life activities, thus qualifying him as disabled under the New Jersey Law Against Discrimination.

11. Plaintiff's injuries required reasonable accommodations.

12. Plaintiff needed the reasonable accommodation of leave from work and/or a light duty accommodation for his injury.

13. Plaintiff reported his injury and set up an appointment with the Amazon Workers' Compensation Doctor.

14. However, before he ever had his appointment, Plaintiff was terminated.

15. Plaintiff was terminated on April 19, 2020.

16. Plaintiff was terminated because the Defendant refused to engage in interactive process, failed to reasonably accommodate him, and discriminated against him for his disability and/or perceived disability.

17. Plaintiff was terminated in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.*

18. Plaintiff's termination violated New Jersey's Law Against Discrimination in multiple ways. Specifically:

   a. Defendant failed to engage in the interactive process to see how it could reasonably accommodate the Plaintiff.

   b. Defendant failed to provide Plaintiff with a reasonable accommodation.

   c. Defendant retaliated against Plaintiff for needing and requesting a reasonable accommodation, invoking the Law Against Discrimination's anti-retaliation provision.

   d. Defendant discriminated against the Plaintiff for his disability / perceived disability.

19. The upper-level managers of Defendant knew or should have known about the discrimination, retaliation, and termination of the Plaintiff, and rather than stop it, allowed it to happen and participated in it.

20. Plaintiff suffered emotional distress, upset, and humiliation due to his wrongful termination.

21. Plaintiff suffered and continues to suffer financial loss due to his wrongful termination.

22. In addition, the financial loss contributes to Plaintiff's distress, upset, and humiliation.

23. Lastly, the intentional and malicious actions of the Defendant and Defendant's upper- level managers justify the imposition of punitive damages.

**WHEREFORE**, the Plaintiff, Erick Zimmerman, demands judgment against the Defendants Amazon.com LLC d/b/a Amazon, John Does 1-10, and ABC Companies 1-10, jointly, severally and

in the alternative, for damages; losses; emotional harm, embarrassment and upset; psychological injuries; interest; costs; equitable relief; injunctive relief; reinstatement; attorneys' fees; costs of suit; experts' fees; punitive damages; any and all relief provided for by New Jersey's Law Against Discrimination; and any and all relief that the Court deems just and proper.

## SECOND COUNT

24. Plaintiff repeats and incorporates all previous facts in all previous paragraphs as if stated at length herein.

25. Plaintiff was injured during the course and scope of his employment.

26. Plaintiff attempted to exercise his rights to pursue workers' compensation benefits, by reporting the incident and setting up an appointment with Defendant's workers' compensation doctor.

27. Before he could even attend the appointment, Plaintiff was terminated.

28. Plaintiff was terminated in retaliation for exercising his right to workers' compensation benefits.

29. Plaintiff suffered a wrongful termination against public policy, in violation of New Jersey common law.

30. The upper-level managers of Defendant knew or should have known about the discrimination, retaliation, and termination of the Plaintiff, and rather than stop it, allowed it to happen and participated in it.

31. Plaintiff suffered emotional distress, upset, and humiliation due to his wrongful termination.

32. Plaintiff suffered and continues to suffer financial loss due to his wrongful termination.

4

33. In addition, the financial loss contributes to Plaintiff's distress, upset, and humiliation.

34. Lastly, the intentional and malicious actions of the Defendant and Defendant's upper- level managers justify the imposition of punitive damages.

**WHEREFORE**, the Plaintiff, Erick Zimmerman, demands judgment against the Defendants Amazon.com LLC d/b/a Amazon, John Does 1-10, and ABC Companies 1-10, jointly, severally and in the alternative, for damages; losses; emotional harm, embarrassment and upset; psychological injuries; interest; costs; equitable relief; injunctive relief; reinstatement; attorneys' fees; costs of suit; experts' fees; punitive damages; any and all relief provided for by New Jersey's Law Against Discrimination; and any and all relief that the Court deems just and proper.

## THIRD COUNT

35. Plaintiff incorporates all of the preceding paragraphs as if stated at length herein.

36. Defendants, John/Jane Does 1-10 and ABC Corp., 1-10, are fictitious individuals and business entities, whose identities are unknown, that owned, operated, leased, managed, maintained, controlled, possessed, or are otherwise responsible for the actions of the Defendants.

37. The Defendants, John/Jane Does 1-10 and ABC Corp., 1-10, were responsible for, or aided and abetted the Defendants in violating the Law Against Discrimination.

38. The Defendants, John/Jane Does 1-10 and ABC Corp., 1-10, were responsible for, or aided and abetted Defendants in discriminating against, retaliating against, and terminating the Plaintiff.

39. The Defendants, John/Jane Does 1-10 and ABC Corp. 1-10 are liable, jointly, severally, or in the alternative, to Plaintiff for damages stemming from his wrongful termination

5

in violation of New Jersey Law Against Discrimination including losses, damages, emotional distress, punitive damages, and attorney's fees.

**WHEREFORE**, the Plaintiff, Erick Zimmerman, demands judgment against the Defendants Amazon.com LLC d/b/a Amazon, John Does 1-10, and ABC Companies 1-10, jointly, severally and in the alternative, for damages; losses; emotional harm, embarrassment and upset; psychological injuries; interest; costs; equitable relief; injunctive relief; reinstatement; attorneys' fees; costs of suit; experts' fees; punitive damages; any and all relief provided for by New Jersey's Law Against Discrimination; and any and all relief that the Court deems just and proper.

        **MALAMUT & ASSOCIATES, LLC**

        /s/ Mark R. Natale
        Mark R. Natale, Esquire
        *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury of the within issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Mark R. Natale, Esquire as Trial Counsel.

## CERTIFICATION PURSUANT TO R.4:5-1

I certify that, to the best of my knowledge, the matter in controversy is not the subject matter of another action pending in any jurisdiction or any pending arbitration proceeding and no other action or arbitration proceeding is contemplated. At the present time, I do not know the names of any other parties who should be joined in this action.

## DEMAND FOR INSURANCE INFORMATION

**PLEASE TAKE NOTICE** that pursuant to R. 4:10-2(b), Plaintiff hereby demands production of a copy of all insurance agreements under which the defendants may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

        **MALAMUT & ASSOCIATES, LLC**

        /s/ Mark R. Natale
        Mark R. Natale, Esquire
        *Attorneys for Plaintiff*

Date: April 14, 2022

# Civil Case Information Statement

### Case Details: BURLINGTON | Civil Part Docket# L-000673-22

**Case Caption:** ZIMMERMAN ERICK VS AMAZON.COM LLC
**Case Initiation Date:** 04/14/2022
**Attorney Name:** MARK R NATALE
**Firm Name:** MALAMUT & ASSOCIATES LLC
**Address:** 457 HADDONFIELD RD STE 500 CHERRY HILL NJ 08002
**Phone:** 8564241808
**Name of Party:** PLAINTIFF : ZIMMERMAN, ERICK
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: ERICK ZIMMERMAN?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/14/2022                                                                                              /s/ MARK R NATALE
Dated                                                                                                            Signed